UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19 CR 448 |
| | ) | 1:21 CV 1329 |
| Plaintiff-Respondent, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| FELANDA HOUI, | ) | ORDER |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter comes before the Court upon Felanda Houi's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF No. 39.) The government filed a Response in Opposition and Petitioner filed a Reply. (ECF Nos. 44, 47.) This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF No. 39.) is DENIED.

**I.**

In July 2019, a federal grand jury indicted Petitioner on three counts of possessing controlled substances with an intent to distribute, two counts of felon in possession of firearm and ammunition, and one count of possessing a firearm in furtherance of a drug trafficking crime. (ECF No. 1.)

Mr. Houi entered into a plea agreement in February 2020. (ECF No. 34.) Under the agreement, the government agreed to dismiss one count of possession with intent to distribute and one count of felon in possession of firearm and ammunition. (*Id.*, PageID.190.) Mr. Houi agreed to plead guilty to the remaining four counts. (*Id.*) The parties agreed to a binding 120-month sentence of incarceration. (*Id.*, PageID.191–193.) This included a 60-month mandatory sentence for Count 6, possessing a firearm in

furtherance of a drug trafficking crime, which was to be served consecutively. (*Id.*) This also included a 60-month sentence as to the remaining charges. (*Id.*) The parties stipulated that the total offense level before acceptance or responsibility was 24. (*Id.*) Count 4, felon in possession of firearm and ammunition, did not contribute to this calculation because the offense level for this count was more than nine levels lower than the highest offense group. (*Id.*) Under the agreement, Mr. Houi waived the right to appeal or challenge the sentence collaterally, except for 1) claims that the sentence exceeded the statutory maximum or maximum advisory range under the sentencing guidelines; 2) claims of ineffective assistance of counsel; or 3) claims of prosecutorial misconduct. (*Id.*, PageID.194.)

Magistrate Judge Ruiz accepted Mr. Houi's guilty plea, and Judge Nugent accepted his recommendation. (ECF Nos. 26, 36.) On June 16, 2020, this Court entered judgment against Mr. Houi and sentenced him to 60 months of incarceration as to Counts 1, 2, and 4, to be served concurrently, and 60 months of incarceration as to Count 6, to be served consecutively to all other terms of incarceration. (ECF No. 37.) Mr. Houi did not appeal.

Now, in his § 2255 motion, Petitioner seeks to vacate his sentence. (ECF No. 39, PageID.229.) Petitioner claims that he received ineffective assistance of counsel because 1) his attorney failed to make certain pretrial motions and 2) his attorney incorrectly advised him of the potential penalty range for Count 6, possession of a firearm in furtherance of a drug trafficking crime. (ECF No. 39, PageID.221–22.) Petitioner also claims that 3) his guilty plea was not voluntary and knowing because he was not aware that knowledge of his status as a felon was an element of Count 4, felon in possession of

a firearm and ammunition. (ECF No. 39, PageID.224.) As the government notes, this third claim is a *Rehaif* claim. *See Rehaif v. U.S.*, 139 S.Ct. 2191 (2019).

In response, the government disputes the merits of Petitioner's ineffective assistance claims. (ECF No. 44, PageID.242–47.) As to Petitioner's third claim, the government argues that Petitioner's claim is untimely, barred by the plea agreement, and procedurally defaulted. (*Id.*, PageID.247–49.)

## II.

A petitioner who moves to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must show that (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or, (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A "§ 2255 motion is not a substitute for a direct appeal." *Ray v. U.S.*, 721 F.3d 758, 761 (6th Cir. 2013) (internal quotations omitted). "Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows": (1) "cause and actual prejudice to excuse his failure to raise the claims previously"; or, (2) "that he is 'actually innocent' of the crime." *Id.* (quoting *Bousley v. U.S.*, 523 U.S. 614, 622 (1998)). Mr. Houi has not presented new evidence proving his actual innocence, so his procedurally defaulted claims will only be considered after a showing of cause and actual prejudice. However, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003).

3

To succeed on a claim of ineffective assistance, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness"; and, (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 669, 688, 695 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show ineffective assistance, a petitioner must "overcome the presumption" that "the challenged action might be considered sound trial strategy." *Id.* (internal quotations omitted).

### III.

The government claims that Petitioner's third claim (the *Rehaif* claim) is time-barred. Section § 2255 provides that "[a] 1 year period of limitation shall apply" to a motion for post-conviction relief under § 2225. 28 U.S.C. § 2255(f). The limitation period runs from the latest of (1) the date on which the judgment of conviction became final; (2) the date on which any illegal or unconstitutional impediment to making a motion was removed; (3) the date on which a relevant and retroactively applicable right was newly recognized by the Supreme Court; or, (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. *Id.*

The government argues that the Supreme Court created a "relevant and retroactively applicable right" right when it decided *Rehaif* on June 21, 2019. Thus, a *Rehaif* claim could be brought no later than June 21, 2020. Since the government agrees that Mr. Houi filed his motion on June 30, 2021, it contends that the *Rehaif* claim is time barred.

4

This argument ignores the plain language of § 2255(f), which applies the one-year period of limitation to the "latest" of four events, one of which is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). The judgment of conviction becomes final "upon the expiration of the period in which the defendant could have appealed," which is fourteen days after conviction. *Sanchez-Castellano v. U.S.*, 358 F.3d 424, 427 (6th Cir. 2004) (using a ten-day period prior to the 2009 amendments to the Federal Rules of Appellate Procedure); Fed. R. App. P. 4(b)(1)(A). Since Mr. Houi's judgment of conviction was entered on June 16, 2020 (ECF No. 37), he had until June 30, 2021, to file the present motion, which the government agrees he did.

The government cites *Dodd*, but in *Dodd*, the Court considered a petitioner who filed his motion "more than three years after his conviction became final." *Dodd v. U.S.*, 545 U.S. 353, 355 (2005). In fact, the Court noted that "[i]n most cases, the operative date from which the limitation is measured will be . . . the date on which the judgment of conviction becomes final." *Id.* at 357 (internal quotations omitted). The remaining subsections of § 2255(f) allow for "later filings"; they do not accelerate the limitations period. *Id.* Logic demands this result—otherwise, prisoners could never vindicate long-held constitutional rights, even if they file the very day after conviction. For these reasons, Petitioner's motion is timely.[1]

---

[1] As the government notes, although Mr. Houi indicates that he delivered his motion to prison officials for mailing on June 30, 2021, this certification is unsigned. (ECF No. 39, PageID.229.) Mr. Houi's motion was not received by this Court until July 8th, 2021. Although *pro se* petitioners are generally protected by the prison mailbox rule, it is not clear that this rule applies to unsigned motions without additional evidence to suggest the motion was timely filed. *Cf. Johnson v. Rewerts*, No. 2:20-CV-12165, 2021 WL 4169793, at *2 (E.D. Mich. Sept. 14, 2021). However, the government did not make this argument and agreed that Mr. Houi "filed the instant motion on June 30, 2021." (ECF No. 44, PageID.249.) It would be inappropriate to decide on these grounds *sua sponte*.

5

A. <u>Ineffective Assistance of Counsel</u>

Petitioner's first two claims—his counsel's failure to file pretrial motions and failure to advise Mr. Houi of the applicable sentence—sound in ineffective assistance of counsel. Mr. Houi's plea agreement preserved his right to present claims of ineffective assistance. These claims may be brought for the first time in a § 2255 motion, and thus will be addressed on the merits. *Massaro*, 538 U.S. at 504. To succeed, Mr. Houi must show that his counsel made objectively unreasonable decisions which likely affected the outcome of the case. *Strickland*, 466 U.S. at 669, 688, 695.

1. <u>Pretrial Motions</u>

Petitioner claims that his counsel rendered ineffective assistance by failing to file pretrial motions or make discovery requests. (ECF No. 39, PageID.221.) Petitioner's motion did not specify which pretrial motion(s) his attorney failed to file, but in his reply brief, Petitioner argues that his attorney should have moved to suppress incriminating statements made during an interrogation. (ECF No. 47, PageID.256–58.)

As the government notes, Petitioner's counsel *did* serve discovery requests. (ECF No. 9.) These requests were comprehensive and sought all relevant materials, including *Brady* material, *Giglio* material, and Mr. Houi's statements. When Mr. Houi decided to plead guilty, discovery was ongoing. (ECF Nos. 13, 16.) Petitioner has not shown that his counsel was anything less than diligent in conducting discovery.

As to Petitioner's argument that his attorney should have filed a motion to suppress incriminating statements, Petitioner has not shown ineffective assistance. Petitioner focuses his argument on the potential merits of such a motion. But under *Strickland*, it is not enough for Petitioner to show that "a suppression motion had merit"; Petitioner must also show that "if the motion had been granted, he would not

6

have pled guilty and would have insisted on his right to stand trial." *Brooks v. Edwards*, No. 95-3775, 1996 WL 506505, at *3 (6th Cir. Sept. 5, 1996) (citing *Hill v. Lockhart*, 474 U.S. 52, 60 (1985)). Petitioner has not made such an assertion. (ECF No. 39, PageID.221; ECF No. 47, PageID.256–58.) Even if he had, this Court would have trouble crediting such a claim. As the Presentence Investigation Report outlines, the evidence against Mr. Houi was overwhelming and included myriad physical evidence. (ECF No. 29, PageID.137–39.) The government's case in no way depended on his incriminating statements. Thus, Mr. Houi would have likely pleaded guilty even if his incriminating statements were suppressed. Since Petitioner has not shown—or even alleged—actual prejudice from his attorney's decision not to file a motion to suppress, this Court need not consider the merits of such a motion.

    2.    <u>Sentence Range</u>

Petitioner claims that his counsel rendered ineffective assistance by advising him that "if he took the [18 U.S.C.] 924(c) charges [Count 6 of the indictment] to trial, he would get alot [sic] more time [if convicted]." (ECF No. 39, PageID.222.) Mr. Houi suggests that violations of § 924(c)(1)(A)(i) carry a maximum term of incarceration of five years. If his counsel had advised him of such, Mr. Houi states that he "would've went to trial," rather than plead guilty. (*Id.*)

Mr. Houi's claim is based on a misunderstanding of the penalty range. Section 924(c)(1)(A)(i) states that violators shall "be sentenced to a term of imprisonment of not **less** than 5 years." 18 U.S.C. § 924(c)(1)(A)(i) (emphasis added). No maximum penalty is listed; instead, "[t]he statutory maximum permitted under § 924(c)(1)(A) is a life sentence." *U.S. v. Morgan*, 572 Fed. Appx. 292, 300 (6th Cir. 2014). Mr. Houi was also advised of this penalty range in his plea agreement, which was read out loud at the plea

hearing. (Tr., ECF No. 27, PageID.77.) Thus, it is entirely possible that Mr. Houi would have faced greater than five years of incarceration if he was convicted at trial—rendering his attorney's advice not just objectively reasonable, but also factually accurate.

B.     Validity of Guilty Plea

Petitioner's third claim is that his guilty plea to Count 4 of the indictment—felon in possession of firearm and ammunition in violation of 18 U.S.C. § 922(g)(1)— was not knowing and voluntary because he did not realize that an element of the offense is his knowledge of his status as a felon. (ECF No. 39, PageID.224.) The Supreme Court recently determined that one element of § 922(g) is that the defendant had knowledge of his status as a felon. *Rehaif*, 139 S.Ct. at 2194. The government argues that Mr. Houi has procedurally defaulted this claim and waived it by the terms of his plea agreement.

First, it is worth noting that Petitioner's claim arguably sounds not just in the validity of his plea, but also in ineffective assistance of counsel. For example, Petitioner states that had his attorney "correctly advised him of the *mens rea* element of the offense, he would not have [pleaded] guilty." This is important because Mr. Houi did not waive his right to bring claims of ineffective assistance of counsel; also, ineffective assistance claims are not subject to procedural default and may be raised for the first time in a § 2255 motion. *Massaro*, 538 U.S. at 504. However, the Supreme Court has directly rejected this argument. Although a guilty plea may be "constitutionally invalid" when the defendant, counsel, and court failed to "correctly underst[and] the essential elements of the crime," this attack "can be fully and completely addressed on direct review" and is thus subject to procedural default. *Bousley*, 523 U.S. at 618–22 (1998).

8

Since Mr. Houi did not challenge the voluntariness of his plea on direct appeal, his claim is defaulted unless he can show both cause and actual prejudice. *Ray*, 721 F.3d at 761.

Petitioner cannot show cause. There may be good cause to excuse procedural default when a claim "is so novel that its legal basis is not reasonably available to counsel." *Bousley*, 523 U.S. at 622. But the Supreme Court decided *Rehaif* in June 2019—over eight months prior to Mr. Houi signing the plea agreement and one year prior to the judgment of conviction (and the subsequent direct appeal period). Thus, the legal basis for Petitioner's claim was fully available. And even if *Rehaif* had not yet been decided, Petitioner's claim would still be procedurally defaulted because he had access to the tools necessary to make the same interpretive argument that prevailed in *Rehaif*. *See, e.g.*, *U.S. v. Asmer*, No. 3:16-CR-423-CMC, 2020 WL 6827829, at *6–7 (D.S.C. Nov. 20, 2020) (applying *Bousley*, 523 U.S. at 622–23) (collecting cases).

Petitioner also cannot show actual prejudice. "[A] defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." *Lee v. U.S.*, 137 S.Ct. 1958, 1966 (2017). Here, although Petitioner alleges that he would not have pleaded guilty, he does not allege that he would have achieved a better outcome at trial. (ECF No. 39, PageID.224.) Had Petitioner gone to trial, it would not have been "burdensome" for the government to prove Mr. Houi's knowledge of his felony status. *Rehaif*, 139 S.Ct. at 2198. Furthermore, in exchange for Petitioner's guilty plea, the government dismissed Counts 2 and 5 of the indictment. (ECF No. 34, PageID.190.) This benefit cannot be ignored when considering whether Petitioner was actually prejudiced. *See, e.g., U.S. v. Jackson*, No. 3:17-CR-810, 2021 WL 694848, at *14 (D.S.C. Feb. 23, 2021).

Further, Petitioner's *Rehaif* claim only concerns Count Four, which was not even factored into the sentencing guidelines because the base offense level was much lower than the other charges to which Mr. Houi plead guilty. (ECF No. 34, PageID.192–93.) Given that Petitioner had no viable defense and benefitted from the very favorable terms of the plea agreement, this Court cannot credit Petitioner's assertion that he would not have pleaded guilty to Count 4. Because Petitioner has not shown cause and actual prejudice, his claim is procedurally defaulted. There is no need to reach the question of whether Mr. Houi waived the claim by the terms of his plea agreement.

## IV.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in Petitioner's motion. Section 2253 provides, in part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> > (a) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> > (b) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

To make a "substantial showing" of the denial of a constitutional right, as required under § 2255(c)(2), a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

When a district court has rejected the constitutional claim on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

## V.

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 39) is DENIED. Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending motion. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATE: November 15, 2021